**Meringolo & Associates, P.C.**
11 Evans Street
Brooklyn, New York 11201
(347) 599-0992 / (212) 202-4936 fax
www.meringoloesq.com

February 10, 2011

**VIA ECF**
Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>United States v. Armando Rea</u>, 10-Cr.-767 (JBW)

Dear Judge Weinstein:

    The defense respectfully submits this letter motion to restrict the prosecution's cross-examination of the defendant, Armando Rea, should he choose to testify on his own behalf at the upcoming trial.

    As the Court is aware, Mr. Rea is charged with a single count of RICO conspiracy, 18 U.S.C. 1962(d) supported by the alleged commission of two racketeering acts—extortion and conspiracy to murder.  Mr. Rea recognizes that he would be the best person to testify as to the facts and circumstances surrounding the charged crimes and would ordinarily welcome the opportunity to defend himself on the witness stand.  His hesitancy to do so is based primarily on the fear that the prosecution would use the opportunity to cross-examine him as an investigative tool.

    While Mr. Rea is fully prepared to testify about his own actions, motives and state of mind as they relate to the charged crimes during the relevant time period, he is not willing to

testify to certain facts that he expects the prosecution would seek to elicit if it were permitted to do so—facts which might implicate other people in crimes that are wholly irrelevant to those charged in the indictment. In other words, Mr. Rea is indisposed to becoming a *de facto* cooperator. Thus, we respectfully request a ruling, prior to Mr. Rea taking the stand, defining the permissible bounds of his cross-examination.

The Court has discretion to limit the scope of cross-examination of any witness including the defendant. Rule 611 of the Federal Rules of Evidence, captioned "Mode and Order of Interrogation and Presentation," states, in pertinent part:

> (a) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
>
> (b) Scope of cross-examination. Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness. The court may, in the exercise of discretion, permit inquiry into additional matters as if on direct examination.

*See also United States v. Dardi*, 330 F.2d 316, 333 (2d Cir. 1964) ("[T]he trial court was justified in the exercise of its discretion in limiting cross-examination to the scope of the direct."). Accordingly, the Court is granted the authority to circumscribe the interrogation of a witness, both during direct and cross-examination, to the proper bounds of the law.

The bounds of proper cross-examination are defined by preclusion of questions which "harass, annoy or humiliate" the witness. *Smith v. Illinois*, 390 U.S. 129, 133 (1968) (approving *Alford v. United States,* 282 U.S. 687, 694 (1931)) ("There is a duty to protect [the witness] from questions which go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate him."). "Those inquiries which tend to endanger the personal safety of the witness" may also be precluded. *Smith*, 390 U.S. at 134 (White, J., concurring). *See also United States v.*

*Persico*, 425 F.2d 1375, 1384 (2d Cir. 1970) (citing *Smith*).  Similarly, "interrogation that is repetitive or only marginally relevant" may be barred, as "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the [questioner] might wish," is all that is guaranteed.  *Delaware v. Van Ardsall*, 475 U.S. 673, 679, 106 S. Ct. 1431 (1986) (examining the bounds of cross-examination in the context of a Confrontation Clause-based challenge).  *See also United States v. Solomon*, 2001 WL 1131955 at *4 (5th Cir. Sept. 21, 2001) (holding that the court may limit cross-examination when the "lines of questions [constitute] nothing more than 'fishing expeditions'"); *Branch v. United States*, 171 F.2d 337, 338 (D.C. Cir. 1948) (A defendant "cannot be compelled to testify as to facts not relevant to direct examination").

Thus, when a defendant takes the stand, "**[t]he prosecutor's range of inquiry is not unlimited**."  *United States v. Hernandez*, 646 F.2d 970, 979 (5th Cir. 1981) (emphasis supplied).  Indeed, "a **defendant-witness is entitled to even greater protection, in order to prevent unfair prejudice**."  *United States v. Provoo*, 215 F.2d 531, 537 (2d Cir. 1954) (conviction reversed where government's cross-examination of defendant was "plainly prejudicial") (emphasis supplied).  "The government's questions must be 'reasonably related' to the subjects covered by the defendant's direct testimony."  *Hernandez*, 646 F.2d at 979.

The importance of Mr. Rea's testimony is undeniable.  He has the unique perspective of being the *only* witness who has intimate and actual knowledge of all the circumstances of the allegations against him.  His testimony would be based on personal knowledge and thus irreplaceable in terms of its probative value to the jury.

Honorable Jack B. Weinstein
February 10, 2011
Page 4 of 5

It is the defense's representation at this time that, should Mr. Rea testify, he would be fully prepared to answer all directly relevant[1] questions as to the charges in the current indictment against him.  Thus, he could be impeached and cross-examined by the prosecution and would respond completely and truthfully but would not discuss other alleged members of the enterprise.[2]

Because the prosecution did not provide a letter outlining the evidence it intends to use to prove the existence of the charged enterprise and because many of the potential witnesses against Mr. Rea appear to be individuals who have no personal relationship with Mr. Rea or knowledge of his activities, it appears to the defense that the prosecution's case is not strong.  Nevertheless, Mr. Rea would welcome the opportunity to testify in his own defense if he could do so without implicating others.

The defense anticipates that if Mr. Rea were to choose to testify on his own behalf, the prosecution, if not restricted from doing so, would question Mr. Rea about numerous matters entirely immaterial to the issues at this trial that would "harass, annoy [and] humiliate" him and that might well have consequences that would place both Mr. Rea and his family in danger.  Indeed, the defense is specifically concerned that the prosecution would use the opportunity to cross-examine Mr. Rea as a "fishing expedition" to obtain information about other people allegedly affiliated with organized crime who have nothing whatever to do with the charges in the indictment.  As those questions would serve no purpose other than to "confuse the issues"

---

[1] Bearing in mind that "[r]elavancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case" that is, "[the] 'tendency to make the existence' of the fact to be proved 'more provable or less provable.'" Fed. R. Evid. 401 Advisory Committee's Note.

[2] In any event, information irrelevant to these proceedings would be correctly precluded as inadmissible pursuant to Federal Rule of Evidence 402.

Honorable Jack B. Weinstein
February 10, 2011
Page 5 of 5

and to "harass, annoy [and] humiliate" Mr. Rea, the defense respectfully requests that, if Mr. Rea takes the witness stand, the prosecution be prohibited from asking such questions.

While the prosecution must be afforded "an opportunity for effective cross-examination," it should not be permitted to cross-examine "in whatever way, and to whatever extent" it believes is effective. *Van Arsdall*, 475 U.S. at 679.

Accordingly, the defense respectfully requests a ruling from the Court limiting the matters about which the prosecution would be permitted to cross-examine Mr. Rea should he elect to testify on his own behalf.

Respectfully submitted,

_____/s/_____
John Meringolo, Esq.

Meringolo & Associates, P.C.
11 Evans Street
Brooklyn, New York 11201
(347) 599-0992
(212) 202-4936 (fax)
john@meringoloesq.com

Cc:   AUSA Rachel Nash
      AUSA Cristina Posa