UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

ARMANDO REA,

    Defendant.

---

10-CR-767

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On February 15, 2011, Armando Rea pled guilty to a single-count superseding information which charged that between January 1988 and December 1994, he, together with others, conspired to affect commerce by extortion, in violation of 18 U.S.C. § 1951(a).

Rea was sentenced on May 23, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be thirteen and the defendant's criminal history category to be category I, yielding a guidelines range of imprisonment between twelve and eighteen months. The calculation of the total offense level included a two-point enhancement for a specific offense characteristic, because the offense involved an implied threat of bodily injury. The offense level calculation also included a four-point adjustment for the defendant's minimal role in the offense, and a three-point adjustment for acceptance of responsibility. The offense carries a maximum term of imprisonment of twenty years. 18 U.S.C. § 1951(a). The guidelines range of fine is from $3,000 to $30,000 with a statutory maximum of $250,000. 18 U.S.C. § 3571(b)(3).

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. Rea was sentenced to five years' probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied by the defendant's renunciation of his ties with the Bonanno crime family for the first time on record in this courtroom during his sentencing. Specific deterrence and incapacitation are not required; it is unlikely that the defendant will engage in further criminal activity in light of his health and his supervisory responsibilities over his two step-grandchildren.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The defendant's offense is a serious one. The Jacob Javits Center was effectively taken over by organized crime families during the time period in question and required great efforts by federal and state police to clean up. However, given the defendant's serious health impairments and his responsibilities in caring for his step-grandchildren, there is no reason for incarceration. A sentence of five years' probation reflects consideration of the seriousness of the offense and the defendant's circumstances and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May 24, 2011
       Brooklyn, New York

3